THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARLON CARTER, individually,<br><br>           Plaintiff,<br><br>      v.<br><br>VERIZON NORTHWEST, INC., a Washington Corporation; and JOHN and JANE DOES 1-5,<br><br>           Defendant. | No. CV 09 1411 RAJ<br><br>**DEFENDANT VERIZON NORTHWEST, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

COMES NOW Defendant Verizon Northwest, Inc. ("Verizon"), by and through its attorneys of record, and hereby answers Plaintiff's Amended Complaint for Damages ("Amended Complaint") as follows:

## I. INTRODUCTION

1.1.   Verizon admits that Plaintiff has brought a lawsuit against it and as yet unidentified John and Jane Does. Verizon denies all remaining allegations in paragraph 1.1 of Plaintiff's Amended Complaint.

## II. JURISDICTION & VENUE

2.1   Verizon admits that this Court has subject matter jurisdiction. Notwithstanding that admission, Verizon denies that it has engaged in any act, either of omission or commission, that would lead to liability of any sort.

VERIZON'S ANSWER AND AFFIRMATIVE DEFENSES (CV09 1411 RAJ) - 1

2.2    Paragraph 2.2 of Plaintiff's Amended Complaint requires no answer.  Verizon notes, however, that it would be inappropriate for Plaintiff to file an action in state court alleging state law causes of action based on the same facts alleged herein.  This Court would have supplemental jurisdiction over such state law claims pursuant to 28 U.S.C. § 1367.

2.3    Verizon admits that venue in the U.S. District Court for the Western District of Washington is proper.  Notwithstanding that admission, Verizon denies that it has engaged in any act, either of omission or commission, that would lead to liability of any sort.

### III.  PARTIES

3.1    **Plaintiff**

3.1.1    Verizon admits the allegations in paragraph 3.1.1 of Plaintiff's Amended Complaint.

3.2    **Defendants**

3.2.1    Verizon is without sufficient knowledge to form a belief as to the truth of the allegation that Defendants John and Jane Does 1-5 have "well over 101 employees" and therefore denies the same.  Verizon admits all other allegations in paragraph 3.2.1 of Plaintiff's Amended Complaint.

3.2.2    Verizon is without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 3.2.2 of Plaintiff's Amended Complaint and therefore denies the same.

### IV.  FACTS

4.1    Verizon re-incorporates its answers to the preceding paragraphs of Plaintiff's Amended Complaint.

4.2    Verizon admits that Plaintiff was employed by Verizon Northwest, Inc. from approximately September 26, 1990 to October 1, 2008; that Plaintiff worked at Verizon's offices in Kirkland, Washington; and that at times during his employment, Plaintiff was a Cable Splicer and shop steward.  Verizon denies all remaining allegations in paragraph 4.2 of Plaintiff's Amended Complaint.

VERIZON'S ANSWER AND AFFIRMATIVE DEFENSES (CV09 1411 RAJ) - 2

1   4.3   Verizon admits that Plaintiff filed an internal EEO complaint in which he complained that he was not chosen to sit in charge in the absence of his supervisor, Gordy Hamlin; that Plaintiff filed an internal EEO complaint in approximately September 2006 regarding comments allegedly made by Dan Murray (not Norm Marks) to the effect that "no one wanted to work with [Plaintiff] anyway,"; that Plaintiff was off work from approximately June 5, 2008 to September 9, 2008; that Woody Woodruff is a Union chief shop steward; that Mr. Woodruff told Plaintiff that when Plaintiff walked into the building at the Kirkland yard, "it got cold"; that Plaintiff reported for work on September 10, 2008 and that on that day, he attended a meeting where he was told that he was being placed on suspension for harassment; that Plaintiff was terminated on October 1, 2008 for violation of Verizon's Code of Conduct and harassment policies; that Plaintiff filed charges with the Equal Employment Opportunity Commission; and that the EEOC issued Plaintiff a Notice of Right to Sue on or about July 2009.  Verizon is without sufficient knowledge to form a belief as to the truth of the following allegations and therefore denies the same: that Plaintiff's vehicle's tires were vandalized with nails and screws while on the company lot; that, in 1995, Plaintiff began receiving mental health treatment at Group Health; that Plaintiff spoke with Ray Englehoff in March 2008 and/or any details of that purported conversation; that Plaintiff was hospitalized due to stress or that he was off work at the recommendation of his physician; that, on September 9, 2009, Plaintiff took a donut out of a box of donuts at a meeting; and that Plaintiff was told by Mr. Hamlin to sit in the meeting room. Verizon denies all remaining allegations in paragraph 4.3 of Plaintiff's Amended Complaint.

## V.  CLAIMS FOR RELIEF

5.1   Verizon reincorporates its answers to Plaintiff's prior assertions.  Verizon admits that Plaintiff is bringing claims for racial discrimination, including for hostile work environment, retaliation, and disparate treatment.  Verizon denies all remaining allegations in paragraph 5.1 of Plaintiff's Amended Complaint.

VERIZON'S ANSWER AND AFFIRMATIVE DEFENSES (CV09 1411 RAJ) - 3

1   5.2     Verizon denies each and every allegation in paragraph 5.2 of Plaintiff's Amended
2   Complaint.
3   5.3     Verizon denies each and every allegation in paragraph 5.3 of Plaintiff's Amended
4   Complaint.

## VI. DAMAGES

6.1     Verizon reincorporates its answers to the allegations in Plaintiff's Amended Complaint.  Verizon denies each and every allegation in paragraph 6.1 of Plaintiff's Amended Complaint.

## VII. PRAYER FOR RELIEF

Plaintiff's Prayer for Relief requires no answer.  Verizon nonetheless denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on the issue, Verizon sets forth the following affirmative defenses:

1. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, because Verizon exercised reasonable care to prevent and correct promptly harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities or to avoid harm otherwise.

4. Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands.

5. Plaintiff's claims are barred, in whole or in part, by arbitration and award.

6. Plaintiff's requested relief is barred, in whole or in part, because Plaintiff has failed to mitigate his damages.

VERIZON'S ANSWER AND AFFIRMATIVE DEFENSES (CV09 1411 RAJ) - 4

1  Verizon has not yet had a full opportunity to conduct discovery and, accordingly,
2  reserves the right to assert additional affirmative defenses that may be disclosed in the course of
3  discovery.
4  WHEREFORE, having fully answered Plaintiffs' Amended Complaint and set out its
5  Affirmative Defenses, Verizon prays for the following relief:
6      1.    Dismissal of all of Plaintiff's claims, with prejudice;
7      2.    An award to Verizon of its attorney's fees and costs; and
8      3.    Such other relief as the Court deems just and equitable.
9
10  DATED:  December 4, 2009.     STOEL RIVES LLP
11
      s/ *Molly Daily*
12  Timothy J. O'Connell, WSBA No. 15372
 Molly Daily, WSBA No. 28360
13  600 University Street, Suite 3600
 Seattle, WA 98101
14  Telephone:  (206) 624-0900
 Facsimile:   (206) 386-7500
15  Email: tjoconnell@stoel.com
 Email:  mmdaily@stoel.com
16  Attorneys for Defendant
17
18
19
20
21
22
23
24
25
26

VERIZON'S ANSWER AND AFFIRMATIVE DEFENSES (CV09 1411 RAJ) - 5

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on December 4, 2009, I electronically filed the foregoing with the |
| 3 | Clerk of the Court using the CM/ECF system which will send notification of such filing to the |
| 4 | parties in the above case. |

STOEL RIVES LLP

*s/ Molly Daily*
Molly Daily, WSBA No. 28360
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Email: tjoconnell@stoel.com
Email: mmdaily@stoel.com
Attorneys for Defendant

VERIZON'S ANSWER AND AFFIRMATIVE DEFENSES (CV09 1411 RAJ) - 6

Seattle-3562823.1 0010932-00182

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*