HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARLON CARTER,<br><br>    Plaintiff,<br><br>    v.<br><br>VERIZON NORTHWEST INC., et al.,<br><br>    Defendants. | CASE NO. C09-1411RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on the motion of Defendant Verizon Northwest Inc. ("Verizon")[1] for summary judgment. Dkt. # 30. No party requested oral argument, and the court finds oral argument unnecessary. For the reasons stated below, the court GRANTS the motion in part and DENIES it in part.

## II. BACKGROUND

Verizon fired Plaintiff Marlon Carter in October 2008, nearly two decades after he began working at Verizon in 1990. Mr. Carter worked as a cable splicer. Mr. Carter is African-American. He was 51 years old when Verizon fired him.

Verizon claims that it fired Mr. Carter because an internal investigation substantiated allegations that he had harassed a male co-worker from mid-2006 to April 2008. Mr. Carter had also been warned, following a 2007 incident where he was

---
[1] Mr. Carter also named five "John Doe" defendants in addition to Verizon. As there is no indication he intends to name those defendants, the court refers to Verizon as the single Defendant in this action.

ORDER – 1

1  suspended for threatening another co-worker, that further violations of Verizon policy
2  would result in termination.

3  Mr. Carter contends that Verizon fired him because of his race, his age, and in
4  retaliation for making a charge of discrimination to the Equal Opportunity Employment
5  Commission ("EEOC") in June 2008.  He alleges that he was subject to racial harassment
6  throughout his tenure at Verizon, that he reported many incidents of racial harassment,
7  and that Verizon did not take corrective or preventative action.  On that basis, he also
8  claims a hostile work environment.  He invokes Title VII of the Civil Rights Act of 1964,
9  the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1981.[2]

## III.  ANALYSIS

11  On a motion for summary judgment, the court must draw all inferences from the
12  admissible evidence in the light most favorable to the non-moving party.  *Addisu v. Fred*
13  *Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is appropriate
14  where there is no genuine issue of material fact and the moving party is entitled to a
15  judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party must initially show
16  the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317,
17  323 (1986).  The opposing party must then show a genuine issue of fact for trial.
18  *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The
19  opposing party must present probative evidence to support its claim or defense.  *Intel*
20  *Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).  The
21  court defers to neither party in resolving purely legal questions.  *See Bendixen v.*
22  *Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

---

[2] The court's recitation of Mr. Carter's claims comes from his response to Verizon's summary judgment motion.  His operative complaint is less lucid.  Oct. 7, 2009 Amend. Compl. (Dkt. # 2).  It invokes the Americans with Disabilities Act.  ¶ 2.1 (citing 42 U.S.C. § 12132).  His June 2008 EEOC charge also alleges disability discrimination.  Mikalik Decl., Ex. 7.  In addition, Mr. Carter alleges violations of 42 U.S.C. § 1983.  Amend. Compl. ¶ 5.3.  As Verizon points out, that statute would appear to have no applicability in this case, as Plaintiff alleges no action taken "under color of law."  Mr. Carter's opposition to the summary judgment motion makes no mention of a disability discrimination claim or a § 1983 claim.  The court deems those claims to have been abandoned.

ORDER – 2

With one exception, material factual disputes prevent summary judgment against any of Mr. Carter's claims. He has produced evidence from which a jury could conclude that Verizon took one or more adverse employment actions against him because of his race, and that Verizon's race-neutral explanations for those actions are pretextual. He has also produced evidence from which a jury could conclude that Verizon subjected him to a racially hostile working environment. In reaching these conclusions, the court relies primarily on Mr. Carter's deposition as well as the declarations from two of his co-workers, Larry Willis and Dennis Larsen. Those sources of evidence alone are sufficient to defeat Verizon's motion as to Mr. Carter's racial discrimination claims.

Verizon also seeks summary judgment on the basis that Mr. Carter did not inform Verizon management of the hostile environment, but Mr. Carter and Verizon itself have produced evidence that Mr. Carter notified his immediate supervisors, their supervisors, and Verizon's employee hotline of numerous racially motivated hostile acts.

Verizon has asked the court to parse which of the acts Mr. Carter complains of are beyond the scope of charges he made to the EEOC in June and September 2008. The court declines the invitation, because Mr. Carter's race-based causes of action invoke not only Title VII (for which an EEOC charge is a prerequisite) but 42 U.S.C. § 1981 (for which an EEOC charge is not a prerequisite). *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 454-55 (2008). Verizon also fails to acknowledge that to the extent Mr. Carter can prove a continuous hostile working environment extending into the statute of limitations for § 1981, he can challenge conduct occurring before the limitations period:

> In the Ninth Circuit, the continuing violations doctrine applies to claims pursuant to 42 U.S.C. sections 1981 and 1983 in the same manner as the doctrine applies to claims pursuant to Title VII – the doctrine is applicable to hostile work environment claims involving related acts that collectively constitute a single unlawful employment practice, but inapplicable to claims for discrete acts of discrimination and retaliation.

ORDER – 3

*Lelaind v. City & County of San Francisco*, 576 F. Supp. 2d 1079, 1093 (N.D. Cal. 2008) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).

Mr. Carter has also offered evidence from which a jury could conclude that Verizon took adverse employment actions against him because he filed an EEOC charge. A jury could find that Verizon took steps to discourage EEOC charges. It could also find that both the timing of Mr. Carter's termination and the manner in which the explanation from that termination arose from the investigation of his EEOC charge are evidence of a retaliatory motive, despite Verizon's race-neutral explanation.

A jury could not find, however, that Verizon took any adverse employment action motivated by Mr. Carter's age. Mr. Carter has failed to offer probative evidence of age-related discrimination, or (to the extent he has raised such a claim) an age-related hostile work environment.

## IV.   CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES in part Defendant's motion for summary judgment. Dkt. # 30. The court dismisses Mr. Carter's age discrimination claims. Trial is necessary to resolve his race discrimination claims as well as his retaliation claim.

The court directs the parties to file any motion in limine no later than January 27. They shall be noted for February 4, with oppositions due February 4. With the exception of the briefing schedule established above, the parties shall adhere to Local Rules W.D. Wash. CR 7(d)(4) and CR 7(e)(5) in preparing their motions. In a separate order, the court will set a pretrial conference sometime during the week of February 7-11.

DATED this 20th day of January, 2011.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4